## MERGENTHALER et v DORMAN

Ohio Appeals, 3rd Dist, Seneca Co

No. 219. Decided Nov 27, 1931

Ora R. Wade, Fostoria, for plaintiffs in error.

F. A. Hinchey, Tiffin, for defendant in error.

an express warranty, and if alleged, need not be proven. Volume 24 Ruling Case Law, §490, page 219. It does not follow, however, that the judgment must be reversed because of this erroneous instruction.

One of the issues which plaintiffs in error had to establish by a preponderance of the evidence in order to escape liability upon the note sued upon, was a breach of the warranty to their damage. If there was no breach of the warranty, why, of course plaintiffs in error under no theory of the case could prevail. Upon this issue the testimony is conflicting, and after a careful weighing of it we can not say that the verdict is clearly and manifestly against the weight of the evidence. Hence, it follows that under the two issue rule, as enounced in **Zimmerman v Second National Bank, 24 Ohio Appellate, 48**, the erroneous instruction is of no moment, as clearly it would make no difference in the outcome of the case, the verdict being general, whether scienter was or was not charged, since no breach of warranty was established to the satisfaction of the jury.

The trial court further instructed the jury as follows:

"Now, if the jury in this case make no finding for the defendants under their cross petition, then it will be the duty of the jury to return a verdict for the plaintiff in the sum of $118.23, and adding interest at six per cent. to that amount from the 13th day of January, 1930, up to the date of your verdict, which I take it will be tomorrow. I think that I shall instruct the clerk to figure out the interest and put a lump sum in that verdict, which I shall explain to the jury hereafter, so you won't have any bother if you find for the plaintiff."

The trial court committed no reversible error in so charging. The note provides in terms that it shall draw interest at six per cent. per annum from date if not paid when due. Admittedly, the note was not paid when due. The fact that the trial court made the computation rather than the jury, is of no consequence as no dispute of fact existed as to the amount due on the note.

The plaintiffs in error sought damages for breach of warranty, and not a rescission of the contract of sale. The trial court, therefore, did right in treating the case as one for damages and not one for cancellation or rescission of the contract.

All other claims of error have been noted and we find them to be without merit.

JUSTICE, J.

Error is now being prosecuted to this court by plaintiffs in error who claim that the trial court erred in its general charge to their prejudice, in certain particulars. The trial court instructed the jury, in part, as follows:

"The defendants must also prove that the fistula or that condition was known to the plaintiff at the time of the sale or with reasonable diligence could have been discovered by the plaintiff. Now if the plaintiff did warrant this horse to be in good and sound condition, and he had a disease that he didn't know about or couldn't with reasonable diligence discover at the time, then the plaintiff would not be responsible for that."

This is erroneous. An averment of scienter is unnecessary in an action for breach of

Holding these views, it follows that the judgment of the Court of Common Pleas should be affirmed. Judgment affirmed.

CROW and KLINGER, JJ, concur.